| Case No. | SA CV 16-00634-CJC (DFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Rudy Urena et al. v. Earthgrains Distrib., LLC et al. | | |

| Present: The Honorable | Douglas F. McCormick | |
|---|---|---|
| Nancy Boehme | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:**   (In Chambers) Order re: Plaintiffs' Motion to Compel

　　This is an employee misclassification case brought on behalf of a proposed class of delivery drivers who deliver and stock baked goods for Defendants Earthgrains Distribution, LLC and Earthgrains Bakery Companies, Inc. ("Defendants"). Plaintiffs Rudy Urena and Victor Urena ("Plaintiffs") served Rule 34 requests for production seeking, among other things, production of Defendants' organizational charts, franchise agreements, and management performance evaluations. Plaintiffs now move for an order compelling Defendants to produce unredacted copies of their organizational charts and Franchise Disclosure documents, as well as a sample performance evaluation for territorial district and regional sales managers.

　　For the reasons set forth below, Plaintiffs' motion is DENIED in part and GRANTED in part.

**Redactions of Sales Figures on Organizational Charts**

　　Defendants have produced organizational charts but redacted sales figures that appear on those charts. (The charts reflect how many routes and what volume of sales various managers have underneath them.) Most courts, including this one, disfavor redactions of otherwise responsive documents because those documents contain some irrelevant material. See Bonnell v. Carnival Corp., No. 13-22265, 2014 WL 10979823, at *4 (S.D. Fla. Jan. 31, 2014) (concluding that the "better, less-risky approach" is not to allow parties "the carte blanche right to willy-nilly redact information from otherwise responsive documents in the absence of privilege, merely because the producing party concludes on its own that some words, phrases, or paragraphs are somehow not relevant"). But here the Court is persuaded that the limited redaction of Defendants' sales figures is appropriate.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-00634-CJC (DFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Rudy Urena et al. v. Earthgrains Distrib., LLC et al. | | |

Plaintiffs' contention that the sales figures are relevant is unpersuasive. Plaintiffs cite Alexander v. FedEx Ground Package Sys., Inc., 765 F.3d 981 (9th Cir. 2014), for the proposition that "Defendants' sales figures . . . is relevant to" the issue of "whether Defendants retained the right to exercise control over the manner and means of Plaintiffs' and Class Members' work." But nothing in Alexander supports the proposition that sales volume is relevant to control. Nor was Plaintiffs' counsel able at oral argument to identify any compelling way in which sales figures would be relevant to Defendants' right to exercise control over the manner and means used by Plaintiffs and Class Members to do their work. Accordingly, Plaintiffs' motion to compel the production of unredacted organizational charts is DENIED.

**Redactions of Franchise Disclosure Documents**

Defendants have produced its Franchise Disclosure documents, or "FDDs," but redacted several pages that "identify contact information for all of Defendants' [Independent Operators, or IOs] throughout the country, including IOs in California." Defendants argue that redaction of this contact information was necessary to avoid producing a "full class list."

While reiterating its antipathy for redactions, the Court finds persuasive Defendants' explanation that redacting contact information for its IOs was appropriate to avoid disclosure of a full, nationwide class list. Plaintiffs have not articulated a persuasive basis for how such nationwide contact information is relevant to class certification, arguing only that they are entitled to production of the FDDs to show a common system of control. Moreover, the parties appear to have reached a compromise for a random sample of 50 IOs in California, and the Court is reluctant to upset that agreement.

Shortly before the hearing, Plaintiffs discovered that an unredacted version of the FDDs was available on websites maintained by the states of Wisconsin and Minnesota. Nonetheless, Plaintiffs seek an unredacted version of the FDDs. Absent some dispute about the authenticity of the redacted version, the Court finds that ordering the production of an unredacted version appears to be unnecessary. Accordingly, Plaintiffs' motion to compel the production of unredacted FDDs is DENIED without prejudice to a renewed motion in the event of a dispute about authenticity.

**Exemplar Performance Evaluations**

Plaintiffs seek random and anonymous performance evaluation exemplars for Defendants' territorial district and regional sales managers. Plaintiffs argue that these performance evaluations will show whether Defendants expect such managers "to check Distributors' stores and report infractions to Defendants," an inquiry relevant to whether Distributors' work is performed under Defendants' direction.

///

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 16-00634-CJC (DFMx) | Date | December 14, 2016 |
|---|---|---|---|
| Title | Rudy Urena et al. v. Earthgrains Distrib., LLC et al. | | |

    Defendants argue that Plaintiffs have not demonstrated that production of the performance evaluations is likely to produce substantiation of class allegations. The Court disagrees. Defendants' expectations of their employees who monitor and manage the work performed by Plaintiffs and other Distributors is relevant to Plaintiffs' allegations that Defendants controlled the details of Plaintiffs' work. Nor is the Court persuaded that Plaintiffs must be satisfied with production of documents reflecting job descriptions for those employees.

    Finally, Defendants' privacy concerns are diminished by Plaintiffs' willingness to accept anonymous evaluations together with the parties' protective order. (At the hearing, Defendants suggested that anonymity would not provide any protection for its director of sales because there was one such position; Plaintiffs disclaimed any interest in obtaining a performance evaluation at that level of Defendants' organization.) Accordingly, Plaintiffs' motion to compel the production of redacted exemplar performance evaluations is GRANTED. Defendants are ORDERED to produce four exemplar performance evaluations for its territorial sales managers and one exemplar performance evaluations for its regional sales managers within ten (10) days of this order.

                                                      Initials of Clerk    nkb